IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDI SMITH, | No. C 09-02303 SI |
|     Plaintiff, | **ORDER DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND REMANDING MATTER FOR FURTHER PROCEEDINGS** |
|    v. | |
| MICHAEL J. ASTRUE, | |
|     Defendant. | |

The parties have filed cross-motions for summary judgment in plaintiff's appeal of a final decision by the Commissioner of Social Security denying plaintiff benefits. Having carefully considered the parties' papers and the administrative record, the Court hereby DENIES plaintiff's motion and DENIES defendant's motion. As discussed below, the matter is remanded for further proceedings consistent with this Order.

**BACKGROUND**

Plaintiff first applied for disability benefits in 2001, and then again on November 8, 2002. Administrative Record ("AR") at 56.[1] The 2002 application alleged disability and an inability to work due to rare-metal toxicity, allergies, pain and memory loss dating back to July 27, 1998. AR at 56. The 2002 application was initially denied on February 6, 2003, and again upon reconsideration on May 30, 2003. *Id.* Plaintiff appealed and a hearing was held before an Administrative Law Judge ("ALJ"), who

---

[1] Plaintiff's first application was initially denied on November 16, 2001. AR at 56. Plaintiff did not pursue any administrative remedies from that denial. *Id.* The 2001 application was not reopened during the adjudication of plaintiff's second, 2002 disability benefits application, *id.*, and is not at issue in this matter.

found that plaintiff had the following severe impairments: hepatitis A and B; allergic rhinitis, chemical allergies, palladium sensitivity; hypothyroidism; and hypertension. AR at 57. In an opinion dated November 10, 2004, the ALJ concluded that the impairments were not severe enough to qualify plaintiff for benefits, that plaintiff retained the residual functioning capacity ("RFC") to perform her past relevant work and, therefore, denied plaintiff's claim for benefits. *Id.*, at 64-65.

On September 1, 2005, plaintiff again applied for disability benefits alleging an inability to work due to: hepatitis A and B; allergic rhinitis, chemical allergies, palladium sensitivity; hypothyroidism; hypertension; as well as a shoulder impairment. AR at 30-31. After the Social Security Administration denied the application upon reconsideration on April 3, 2007, the application was heard by an ALJ who denied the claim for benefits on December 1, 2008. AR at 30, 36.

In his decision, the ALJ first rejected plaintiff's "implicit" request to reopen and revise the prior unfavorable decision. AR at 30. The ALJ concluded that *res judicata* prevented him from reopening the prior decision to re-adjudicate the issue of plaintiff's disability status from July 1998 through the date of the prior ALJ determination, November 10, 2004. *Id.* Moreover, as plaintiff presented essentially "identical issues, facts, and laws pertaining to her previous application," the ALJ did not find good cause or any other basis upon which to reopen the prior decision. *Id.*[2]

The ALJ proceeded to address the presumption of continuing non-disability that arises from a prior denial, unless a claimant can show "changed circumstances" indicating a greater disability. AR at 30-31. The ALJ found that plaintiff's only significant changed circumstance was a "non-severe right shoulder impairment." AR at 31. The ALJ also found that plaintiff's change in age category had no impact on her ability to perform her past relevant work. *Id.* As such, the ALJ held that the prior decision remained *res judicata* as to plaintiff's non-entitlement to disability benefits. *Id.*

On December 9, 2008, plaintiff requested that the Appeals Council review the hearing decision. The Appeals Council denied plaintiff's request on March 20, 2009. AR at 16. On April 10, 2009, plaintiff submitted a request for "reconsideration" to the Appeals Council, attaching additional medical records dated March 24, 2009 from her treating physician, Dr. Farren. *Id.* at 6-15. The Appeals Council

---

[2] The ALJ did, however, consider all of the evidence in the record in making a determination related to the September 2005 claim. AR at 30.

2

denied plaintiff's request on April 28, 2009, finding that there was no reason under their rules to reopen and change the decision. AR at 4. The Appeals Council also explained that the additional evidence submitted by plaintiff was not "new and material" as it was submitted "from the same source previously discussed and rejected" by the ALJ and medical examiner at the hearing and as it "contained no further evidence of objective testing to support" Dr. Farren's opinion. *Id.*

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision on May 26, 2009. *Id.* at 4; *see also* Complaint at 1 [Docket No. 1]. Both parties now bring cross-motions for summary judgment.[3]

**LEGAL STANDARD**

**I.  Disability Determination**

Under the Social Security Act, an individual is deemed "disabled" "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). In making a disability evaluation, an Administrative Law Judge is to use the five-step sequential evaluation process as established by the Social Security Administration. 20 C.F.R. § 416.920(a)(4). If a finding of disabled or not disabled can be made at any step of the process, the ALJ will not proceed to the next step. *Id.* "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009). In the first two steps of the evaluation, the claimant must establish that he or she (1) is not performing substantial gainful activity ("SGA") and (2) is under a "severe" impairment. 20 C.F.R. § 416.920(a)(4)(I)-(ii). An impairment must have lasted or be expected to last twelve months in order to be considered severe. *Id.* § 416.909. In the third step, the

---

[3] Defendant moves to strike plaintiff's reply brief for violating this Court's local rule limiting the length of a reply brief and for improperly raising new arguments on reply. *See* Def. Motion to Strike [Docket No. 18]. Defendant asks the Court to require plaintiff to submit a new reply brief that complies with the local rules and does not raise new arguments or allow defendant the opportunity to file a sur-reply to address the new arguments. *Id.* at 4. The Court DENIES the motion to strike, but admonishes counsel for plaintiff for his failure to adhere to the Court's rules. The Court DENIES defendant's motion to file a sur-reply brief.

claimant must establish that his or her impairment meets or medically equals a listed impairment described in the administrative regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or equal one of the listed impairments, before proceeding to the fourth step, the ALJ is to make a residual functional capacity ("RFC") determination based on all the evidence in the record; this determination is used to evaluate the claimant's work capacity for steps four and five. *Id.* § 416.920(e). In step four, the claimant must establish that his or her impairment prevents the claimant from performing relevant work he or she did in the past. *Id.* § 416.920(a)(4)(iv). In the fifth step, the Commissioner must demonstrate that the claimant is able to do other work, and that there are a significant number of jobs in the national economy that claimant can do. *Id.* §§ 416.920(a)(4)(v), (g); 416.96(c)).

## II.  Standard of Review

A district court's review of a disability determination is limited, and a final administrative decision may be altered "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987). Substantial evidence is that relevant evidence in the entire record "which a reasonable person might accept as adequate to support a conclusion." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990). The Court must consider the entire record, including evidence that both supports and detracts from the ALJ's decision. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). However, the ALJ's decision must be upheld if the evidence is susceptible to more than one rational interpretation. *Allen v. Secretary of Health and Human Servs.,* 726 F.2d 1470, 1473 (9th Cir. 1984).

///
///
///

4

## DISCUSSION

**1.    The Appeals Council's Denial of Plaintiff's Motion to Reopen is Not Subject to Judicial Review**

The ALJ's December 1, 2008 decision denying benefits became the final agency decision, subject to judicial review in this Court, on March 20, 2009 when the Appeals Council denied plaintiff's request for review. AR at 9. "Once a decision becomes administratively final, the Secretary's decision to reopen a claim is purely discretionary. *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982); 20 C.F.R. § 404.987(a). Discretionary decisions are not 'final decisions' within the meaning of section 450(g). *Id.* at 935. Therefore, a refusal by the Secretary to reopen a previous decision is not a 'final' decision subject to judicial review." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. Cal. 1985).[4]

Therefore, the Appeals Council's denial of plaintiff's April 10, 2009 request to reopen, submitted with additional evidence from plaintiff's treating physician, is not a "final decision" subject to review by this Court. *Id.* In rejecting the request, the Appeals Council did not review the merits of the new evidence submitted, but simply found that it was not "new and material" evidence that would justify granting the request to reopen under its rules. AR at 4. Plaintiff cites *Haseltine v. Astrue*, 2007 WL 4328810 (N.D. Cal . 2007) in support of her argument that the Appeals Council's April 28, 2009 decision is subject to review. *Haseltine,* however, simply held that a claimant was not seeking to "reopen" a final ALJ determination by submitting new arguments and evidence during a second ALJ proceeding after the initial ALJ determination was remanded by the Appeals Council. In *Haseltine*, the administrative review process was ongoing. That is not the case here. Once her request for review was rejected by the Appeals Council on March 20, 2009, plaintiff's "administrative review" process closed.

Plaintiff cites cases that stand for the proposition that evidence submitted to the Appeals Council after an ALJ decision should be considered by a district court on review. *See, e.g.*, *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). In those cases, the evidence was submitted *before* the Appeals Council acted on the request for review. Here, however, the additional evidence was submitted after the Appeals

---

[4] For the same reason, the ALJ's rejection of plaintiff's "implicit" request to reopen the November 10, 2004 decision, is not a determination subject to judicial review. AR at 30.

5

Council denied plaintiff's request for review.

Plaintiff also argues that she was not seeking to "reopen" the case but instead to have the Appeals Council "reconsider." To support her argument, plaintiff relies on *Boock v. Shalala*, 48 F.3d 348 (8th Cir. 1995) which discusses the distinction between 20 C.F.R. section 404.988 (addressing requests for reopening a decision within four years of an initial determination based on good cause) and 20 C.F.R. section 404.909 (addressing requests for reconsideration of initial determinations within 60 days, or longer if good cause exists). The distinction between requests for reopening and reconsideration discussed by the *Boock* Court, however, demonstrates that plaintiff's request was to "reopen" the administrative process. Here, plaintiff filed a timely request for reconsideration of the initial denial of her application for benefits. AR at 30. That request was denied on April 3, 2007. *Id.* While styled as a request to "reconsider," plaintiff's April 10, 2009 request was a request to reopen the administrative process based on her "additional medical records." *See* AR at 4, 6; *cf.*, *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 901 (9th Cir. Cal. 2001) (noting that plaintiff asked the Appeals Council "reconsider" its denial of review, and Appeals Council denied the "request to reopen").

As such, the denial of the motion to reopen is not a "final decision" subject to this Court's review.

### 2. Plaintiff Fails to Demonstrate Materiality and Good Cause for Remand to Consider New Evidence

Plaintiff also appears to argue that this case should be remanded under sentence six of 42 U.S.C. section 405(g), so that the ALJ can consider the new evidence, specifically Dr. Farren's March 24, 2009 response to a "Chronic Fatigue and Shoulder Impairment Residual Functional Capacity Questionnaire." As plaintiff notes, "[u]nder 42 U.S.C. § 405(g) (Supp. 2001), in determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 461-462 (9th Cir. 2001).

To be material under section 405(g), the new evidence must bear directly and substantially on the matter in dispute, and plaintiff must "additionally demonstrate that there is a 'reasonable possibility'

that the new evidence would have changed the outcome of the administrative hearing." *Mayes*, 276 F.3d at 462. Plaintiff does not show that there is a reasonable probability that the new evidence would have changed the outcome of the administrative hearings. Specifically the March 24, 2009 response to the questionnaire does not address the ALJ's concerns with Dr. Farren's prior opinion, *e.g.*, Dr. Farren's failure to provide citations to medical tests or laboratory results. *See* AR at 34. The March 24, 2009 questionnaire response cites no medical tests or laboratory results (other than the two MRI's which the ALJ considered and found to demonstrate only a non-severe shoulder limitation), and does not provide evidence to support Dr. Farren's opinion on the plaintiff's significant limitations. AR at 10-15.

Moreover, "[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. Here, plaintiff asked Dr. Farren for her response to the questionnaire on March 3, 2009 (almost three months after the ALJ's denial), and noted in her cover letter to Dr. Farren that a response would be needed by March 15, 2009. AR at 8-9. Dr. Farren's response was dated on March 24, 2009, four days after the Appeals Council denied the request for review. AR at 15, 16. The questionnaire does not cite to any new evidence or recent tests that came to light after the ALJ hearing or determination. Therefore, plaintiff fails to show that the additional evidence was unavailable earlier.

### 3.     *Res Judicata* and the Presumption of Non-Disability

As to the prior "adjudicated period," July 1998 through November 2004, the prior ALJ determination is *res judicata*. Moreover, as noted above, the ALJ's decision not to reopen the prior determination is not subject to judicial review. *See supra* at fn. 4. Therefore, the only issue before the Court is the ALJ's December 2008 determination as to the "unadjudicated" period, *i.e.*, the time since the prior determination.

The November 2004 adverse determination creates a presumption that plaintiff continues not to be disabled. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). In order to "overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability," the claimant "must prove 'changed circumstances' indicating a greater disability." *Id.*;

7

*see also* Social Security Acquiescence Ruling ("AR") 97-4(9), WL 742758 ("A claimant may rebut the presumption by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period, *e.g.*, a change in the claimant's age category under 20 CFR 404.1563 or 416.963, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability.").

However, even where the claimant is able to overcome the presumption of nondisability, prior determinations of RFC, education and work experience are *res judicata* in the subsequent proceeding absent "new and material" evidence on those issues. *Chavez*, 844 F.2d at 694. "Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." AR 97-4(9).

### A. The ALJ Failed to Develop an Adequate Record with Respect to Plaintiff's Shoulder Impairment

Plaintiff argues that she rebutted the presumption of continuing nondisability due to her "new shoulder issue." Reply at 11. The ALJ initially relied on medical examiner Dr. Stanley Hoffman's review of plaintiff's medical records which, according to the ALJ, showed that the claimant has a "non-severe" right shoulder impairment. AR at 33. The ALJ indicated Dr. Hoffman had "characterized that impairment as a 'minimal' problem." *Id.*

A review of the transcript of the hearing, however, does not support the ALJ's characterizations of Dr. Hoffman's testimony. According to the transcript, when he was asked directly about plaintiff's shoulder condition, Dr. Hoffman indicated that, "I can't – I would want a [sic] orthopedic surgeon to render an opinion on any disability regarding her right shoulder." AR at 245. The ALJ's mis-characterization of Dr. Hoffman's testimony stems from a question plaintiff's counsel posed to Dr. Hoffman. Specifically, plaintiff's counsel referred to a 2005 radiologist report and asked Dr. Hoffman for a "layman's" interpretation of the term "frozen shoulder" – a term that appeared in the 2005 report as a possible diagnosis to be "considered" – and what such a diagnosis would mean with respect to

8

1  physical restrictions. AR at 241. Dr. Hoffman responded that a frozen should would create "a marginal
2  problem with the right shoulder. . . ." *Id.* The discussion, therefore, was hypothetical and not based on
3  an actual diagnosis or the symptoms of plaintiff.

4  Plaintiff also notes that in response to the ALJ's questions about whether plaintiff could use a
5  computer, Dr. Hoffman responded that he would have to have plaintiff's complaint that pain shoots up
6  her arm when using a computer evaluated by a neurologist. AR at 242.

7  In addition to relying on a mis-characterization of Dr. Hoffman's testimony, the ALJ also relied
8  on plaintiff's more recent treatment records – records that were not presented to Dr. Hoffman (AR at
9  230-31) – concluding that "the treatment records from the Marin Medical Clinic, spanning dates from
10 February to July of 2008, and an MRI of the right shoulder in Exhibits 7F [from February 2008] and 10F
11 [sic - 9F, from May 2005] do not support the claim of a severe right shoulder impairment for twelve
12 months." AR at 33.

13 Plaintiff's argument that the ALJ failed to adequately develop the record is well taken. An ALJ's
14 duty to further develop the record is triggered when there is ambiguous evidence or when the record is
15 inadequate to allow for proper evaluation of the evidence. *See Mayes v. Massanari*, 262 F.3d 963 (9th
16 Cir. 2001). Here, Dr. Hoffman's inability to render an opinion on plaintiff's alleged shoulder
17 impairment and the fact that Dr. Hoffman did not have plaintiff's most recent shoulder treatment records
18 in front of him, or have the opportunity to be told of the contents of those records, during his testimony
19 as the medical examiner, lead the Court to conclude that the record was inadequate to allow for the
20 ALJ's proper evaluation of the evidence.

21 As such, the Court REMANDS this case for further proceedings to develop all necessary
22 evidence related to plaintiff's alleged shoulder impairment and the alleged "changed circumstances"
23 based on the shoulder impairment.[5]

---

[5] While plaintiff's age category changed between the prior and current determinations, from a "person of advanced age" at 55 to a person of who is "closely approaching retirement age" at 60, the ALJ found that it had no impact upon the finding that plaintiff remains able to perform her past relevant work and did not constitute changed circumstances to rebut the presumption of continued nondisability. AR at 31; *see also* 20 C.F.R. § 404.1563 (noting that advanced age will be considered as significantly affecting a person's ability to adjust to other work). This finding is supported by substantial evidence.

9

### B. No Evidence of Worsening Allergic Conditions

Reviewing the bulk of the evidence submitted, including plaintiff's own testimony and that of her counsel, plaintiff's main argument appears to be that plaintiff *continues* to be disabled due to her alleged multiple chemical allergies or sensitivities. *See, e.g.*, AR at 134-39, 150. However, the evidence submitted does not show a worsening of her condition, which is necessary to rebut the presumption of continued nondisability. Indeed, the only new medical evidence submitted are general progress notes and routine blood and urine tests. There are no tests demonstrating specific allergies or sensitivities, no analyses of specialized blood work, no evidence of hospital or ER visits, etc. *See* AR at 151-153, 186-87, 194 (9/2005 - 6/2006 doctor's notes explaining plaintiff is unable to work because of her environmental allergies); AR 154-57 (4/2007 urinalysis showing elevated levels of lead and mercury); AR 178, 180-81, 183-85, 188, 190-93, 195-198 (3/2005 - 1/2007 treating physician notes regarding allergies, hypertension and hypothyroid conditions).

The only evidence that plaintiff's symptoms have worsened is from a May 17, 2008 letter from plaintiff's treating physician. AR at 212. In that letter Dr. Farren indicates that she "is familiar with [plaintiff's] medical records since the onset of the allergy problems and they have not improved. In fact, they have worsened and have not responded well to any course of treatment. It is my medical opinion that [plaintiff] has been unable to work full time since 2003." *Id.* However, Dr. Farren's opinion that plaintiff was disabled since 2003 was already rejected by an ALJ in the November 2004 denial of benefits. There is nothing in the letter, or in plaintiff's medical records, to substantiate the claim that plaintiff's numerous environmental allergies have, in fact, gotten worse since that time.[6]

For the foregoing reasons, the ALJ's conclusion that plaintiff was not disabled as a result of her allergic conditions rests on substantial evidence.

---

[6] Plaintiff also alleges that defendant's failure to include plaintiff's prior medical records – records submitted prior to the November 2004 decision – mandates that this case be sent back. However, it is the "findings" in the previous decision, not the evidence submitted, that are considered in the subsequent claim. *See Chavez*, 944 F.2d at 693; *Lyle*, 700 F.2d at 568-69. Moreover, it is plaintiff's burden to establish her entitlement to benefits and to submit evidence of her claimed disability. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

10

## CONCLUSION

For the foregoing reasons, plaintiff's and defendant's motions for summary judgment are DENIED. The case is remanded for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: August 11, 2010

SUSAN ILLSTON
United States District Judge