IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUDI SMITH,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>        Defendant.<br>_____/ | No. C 09-02303 SI<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS FEES** |

Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). The motion was filed on March 30, 2012, and has not been opposed by defendant.[1] This case has an extensive procedural history. Relevant to the instant motion, attorney Ian Sammis represented plaintiff before the administrative agency in regards to an unsuccessful application for Supplemental Security Income benefits, and then on appeal to this Court. By Order dated August 11, 2010, the Court denied the parties' cross-motions for summary judgment and remanded for further proceedings before the ALJ. Docket No. 21. On December 7, 2011, the Social Security Administration Commissioner issued a Notice of Award, awarding plaintiff past-due benefits starting in January 2009 and totaling $21,170.40. Docket No. 25-1.

On October 25, 2010, pursuant to a stipulation, plaintiff was awarded $3,855.75 dollars in attorneys fees and $131.34 in costs under the Equal Access to Justice Act. Docket No. 24. Plaintiff's counsel now seeks an award under 42 U.S.C. § 406(b), of $5,292.60 in attorneys fees, which represents

---

[1] This motion is scheduled for hearing on May 4, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.

25% of the past-due benefits due to Ms. Smith. Under the fee agreement between plaintiff and her counsel, plaintiff's counsel is to be paid a total maximum of 25% of the past-due benefits being withheld as attorney's fees for work performed under § 406(a) and § 406(b). Docket No. 25-2.

Although not addressed in the motion, the amount plaintiff's counsel seeks – $5292.60 – would need to be off-set by the $3987.09 in EAJA attorneys fees and costs plaintiff was awarded. *See* Docket No. 24. After the off-set, plaintiff would be responsible for paying her counsel a net fee of $1,305.51, or 6.1% of past-due benefits. In support of the motion, plaintiff's counsel has submitted the fee agreement with plaintiff and a declaration describing time spent on the case and setting forth counsel's experience.[2]

Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b), "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The Court should consider the character of the representation and the results achieved in making its determination. *Id.* An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling; the fee agreement between plaintiff and her counsel provides that if plaintiff received a favorable decision, plaintiff agreed to pay counsel a fee no greater than 25 percent of the past-due benefits she was awarded. The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering attorney's fees because the claims had been denied after exhausting administrative remedies. The work by plaintiff's counsel was not insubstantial;

---

[2] Plaintiff's original counsel, Ian Sammis, is now deceased but plaintiff's current counsel – Robert C. Weems – has submitted a declaration drafted by Mr. Sammis before his death, in support of this fee motion. The motion asks the Court to award the fees to the estate of Mr. Sammis.

1 plaintiff's counsel was successful in having this matter remanded back to the Social Security and
2 plaintiff prevailed on remand and obtained more past-due benefits as well as ongoing benefits.  After
3 review of the record, the Court finds that the requested attorney's fees are reasonable and do not
4 constitute a windfall.  *See Gisbrecht*, 535 U.S. 789; *see Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-
5 37 (N.D. Cal. 2003).

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorney fees and awards fees in the amount of $5,292.60 pursuant to 42 U.S.C. § 406(b)(1)(A) to the estate of Ian Sammis.  The Court further directs plaintiff's counsel's estate to refund to plaintiff the amount of $3,855.75, previously awarded and delivered to counsel under the EAJA, for a net total under § 406(b) of $ 1,305.51.

**IT IS SO ORDERED.**

Dated: April 24, 2012

SUSAN ILLSTON
United States District Judge